UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD ROY SCOTT,<br><br>               Plaintiff,<br><br>     v.<br><br>MARK STRONG, BECKY DENNY,<br><br>               Defendants. | CASE NO. C16-5031 RBL-KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

On December 22, 2015, the Court of Appeals for the Ninth Circuit issued a mandate in Case No. 14-35501, effectuating an order from earlier in the year reversing this Court's decision to deny Mr. Scott IFP status. (See Dkt. No. 142-1, *Richard Roy Scott v. Mark Strong*.) In light of that order, District Court Judge Marsha J. Pechman ordered the Clerk to open this case and to docket both the original complaint (Dkt. No. 142-1) and the amended complaint (Dkt. No. 150) which Mr. Scott filed upon receipt of the Ninth Circuit's order. Those complaints are now docketed at Dkt. 3 and Dkt. 4, respectively. The case was then assigned to the undersigned.

On January 21, 2016, plaintiff filed a motion to amend and attached a proposed amended complaint. Dkt. 6, 6-1. That motion is **GRANTED** and the Clerk is directed to file the proposed amended complaint as "Plaintiff's Second Amended Complaint." The Court declines to serve the Second Amended Complaint, however, because it is deficient.

## BACKGROUND

Plaintiff is a resident of the Special Commitment Center (SCC) in Steilacoom, Washington. In his Second Amended Complaint, he purports to seek declaratory and injunctive relief only against Mark Strong, the CEO of SCC, and Becky Denny, the legal coordinator of SCC.

Plaintiff alleges generally that a lack of medical, clinical, and security services at SCC places his life in danger. He alleges that the water is unsafe to drink, that he suffers damages from ETS [sic] which was formerly verified by medical staff, that he was placed on a waiting list instead of being provided sex offender treatment, and that he had a TBI [sic] and has never fully recovered. He alleges that Becky Denny does not issue enough legal supplies to obstruct access to courts and is withholding evidence in an ongoing commitment case, where an evidentiary hearing is pending.

Plaintiff further alleges that due to funding cuts, there is no security staff in the recreation center, off-island medical trips are limited, there is a shortage of medical staff to renew or write prescriptions, violent prisoners are being placed in with other residents, there are ADA violations, no AED on the units, and a lack of fire drills.

## DISCUSSION

The Court declines to serve the complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

Plaintiff's complaint is brought under § 1983. To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a

valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). In addition, the complaint must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555-557.

Therefore, if plaintiff intends to pursue this lawsuit, he should file an amended complaint with short, plain statements telling the Court: (1) the constitutional right he believes was violated; (2) name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of *his* constitutional rights; and (5) what specific injury he suffered because of that person's conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).  For example, plaintiff alleges generally that Becky Denny fails to provide sufficient legal supplies, but does not describe what legal supplies were withheld and provides no facts as to how he has been denied access to the courts as a result.

Plaintiff must repeat the process described above for each person he names as a defendant.  If he fails to affirmatively link the conduct of each named defendant with the specific injury suffered by him, the claim against that defendant will be dismissed for failure to state a claim.  Conclusory allegations that entire groups have violated a constitutional right are not acceptable and will be dismissed.

If plaintiff names a supervisory official, he must allege facts describing how that official personally participated in the constitutional deprivation (and tell the Court the five things listed

above), or allege facts describing how that official was aware of the similar widespread abuses, but with deliberate indifference to his constitutional rights, failed to take action to prevent further harm to him. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978).

Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before March 25, 2016. Plaintiff should list his claims in separately numbered paragraphs containing all relevant factual allegations relating to each separately numbered claim.** The amended complaint must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the Court will recommend dismissal of this action as.

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and a copy of this Order.**

**DATED** this 25th day of February, 2016.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE - 4