1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

                          Plaintiff,

        v.

MARK STRONG, et al.,

                          Defendants.

CASE NO. C16-5031 RBL-KLS

ORDER ON APPEAL FROM
MAGISTRATE JUDGE'S ORDER

[DKT.#19]

THIS MATTER is before the Court on Plaintiff Scott's Appeal [Dkt.# 19] from

Magistrate Judge Strombom's Order requiring him to Show Cause or (for a third time) Amend

his Complaint [Dkt. #15][1] Scott does not directly address the portion of Judge Strombom's Order

that directs him to clarify and bolster his complaint to state a claim under §1983.  He claims

instead that Judge Strombom is biased against him and should be disqualified from the case. He

argues that her requirement that an amendment include a "short and plain statement" of his claim

---

[1] The Order granted Scott's Motion to Amend a second time, and in consistent with the
order the second amended complaint has been filed [Dkt. #16]. The Order declined to serve the
complaint due to enumerated deficiencies, and instead ordered him to show cause why it should
not be dismissed, or to amend the complaint again.

1  is a requirement that applies to Prison Litigation Reform Act claims, and emphasizes that he is

2  not a prisoner.

3      Scott is mistaken about the source of the "short and plain statement" requirement—it

4  comes from Fed. R. Civ. P. 8(a)(1), which applies to *all* federal complaints, including those in

5  this case. The remainder of Judge Strombom's Order accurately and fairly sets forth what a

6  viable complaint must allege and contain, even for a *pro se* litigant.

7      A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its

8  face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A claim has "facial plausibility"

9  when the party seeking relief "pleads factual content that allows the court to draw the reasonable

10  inference that the defendant is liable for the misconduct alleged."  *Id*.  Although the Court must

11  accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted

12  inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249

13  (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[A]

14  plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

15  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

16  do.  Factual allegations must be enough to raise a right to relief above the speculative level."

17  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted).  This

18  requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-

19  accusation."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

20      Scott's appeal of the Show Cause or Amend Order is DENIED, but the due date for his

21  response to that order is EXTENDED to April 8.

22

23

24

1      Scott's Motion to Recuse Judge Strombom is properly addressed in the first instance to

2   Judge Strombom herself. LCR3(e). If she declines to recuse voluntarily, she will refer the matter

3   to the Chief Judge.

4      IT IS SO ORDERED.

5      Dated this 25th day of March, 2016.

6

7                                      _____

8                                      Ronald B. Leighton
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24