1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

RICHARD ROY SCOTT,

                              Plaintiff,

         v.

MARK STRONG, et al.,

                              Defendants.

No. C16-5031 RBL-KLS

ORDER REGARDING PLAINTIFF'S
MOTION TO RECUSE

12

13

14

15

16

17

On February 25, 2016, the Court granted Plaintiff Richard Roy Scott's motion to amend (Dkt. 6) and filed his proposed complaint as "Plaintiff's Second Amended Complaint." Dkt. 16. The Court declined to serve the Second Amended Complaint because it was deficient but granted plaintiff leave to amend.  Dkt. 16.  Plaintiff appealed this Order and entitled his filing, "Appeal of order to a Judge and Self recusal."  Dkt. 19.

18

19

20

21

22

23

24

25

26

The Honorable District Judge Ronald B. Leighton denied plaintiff's appeal and extended the due date for his response to April 8, 2016.  Dkt. 20.  Judge Leighton also stated: "Scott's Motion to Recuse Judge Strombom is properly addressed in the first instance to Judge Strombom herself. LCR3(e). If she declines to recuse voluntarily, she will refer the matter to the Chief Judge." *Id.* On April 4, 2016, plaintiff filed a third amended complaint, although he entitled it his "Second Amended Complaint." Dkt. 21.  Because the third amended complaint is also deficient, the undersigned declined to serve it put provided plaintiff leave once again to file a viable complaint.  Dkt. 22.

ORDER REGARDING RECUSAL MOTION - 1

On May 11, 2016, plaintiff filed a "Request for Judge Strombom to recuse per Order #20." Dkt. 23. He attaches that portion of Judge Leighton's order discussing recusal and writes, "Has not happen. Please see it does." *Id.* Although plaintiff has not filed and directed a motion to recuse to the undersigned, the undersigned interprets the foregoing as such a motion and declines to voluntarily recuse herself.

## DISCUSSION

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify herself in any proceeding in which her impartiality "might reasonably be questioned." A federal judge also shall disqualify herself in circumstances where she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

ORDER REGARDING RECUSAL MOTION - 2

1
2
3
4
5

[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

6

*Id*. at 555.  This Court makes rulings in each case based upon the issues presented by the parties

7

or upon *sua sponte* review by the Court.   The undersigned has no personal bias or reason to be

8
9

partial to one side or the other in this matter.  The undersigned finds no reason to recuse herself

10

voluntarily from this case and declines to do so.

11

### CONCLUSION

12

There is no reasonable basis for a voluntary recusal in this instance.   However, Plaintiff's

13

motion shall be referred to the Chief Judge for a determination of its merits.  Local Rules W.D.

14

Wash. 3(e).  Accordingly it is hereby **ORDERED** that the undersigned **DECLINES** to recuse

15

voluntarily.  Plaintiff's motion for recusal of the undersigned is **REFERRED** to Chief Judge

16
17

Ricardo Martinez for decision and the Clerk of the Court is directed to place the motion for the

18

recusal of the undersigned on Judge Martinez's motion calendar.

19

This action and all motions currently pending before the Court are hereby **STAYED**

20

pending resolution of the recusal issue.  No further motions shall be filed in this matter until the

21

stay is lifted.  Any motion filed while the matter is stayed shall not be considered and shall be

22

dismissed.  The Clerk of the Court shall send a copy of this Order to Plaintiff.

23

**DATED** this 16th day of May, 2016.

24
25
26

Karen L. Strombom
United States Magistrate Judge

ORDER REGARDING RECUSAL MOTION - 3